No argument was made in the case.
We understand the principle of evidence to be well established that the interest to disqualify a witness must exist at the time of trial; so that if, before then, the witness either (345) removes the interest or does all that can reasonably be expected from him to remove it, his competency is restored. The interest of the witness may arise from his being answerable to one of the parties, or that party to him, in the event of the cause being unsuccessful, or that party to him, in the event of the cause being unsuccessful. A release from the party in the first case, or a refusal by the witness, and a release from the witness in the latter case, or a refusal by the party, alike restores the competency. This doctrine was recognized in Fowler v. Welford, Douglas, 139, where it is very sensibly observed by Mr. Justice Ashurst: "Every objection of interest proceeds on the presumption that it may bias the mind of the witness; but that presumption is taken away by proof of his having done all in his power to get rid of his interest."
As the plaintiff was not present when the cause was about to be tried, and it was necessary for the witness to divest himself of the interest, there is no way in which he could more formally and effectually do it than by depositing the release in the clerk's office for the use of the plaintiff; and such conduct does, in our opinion, bring this case within the reason and spirit of the rule, and renders the witness competent.
But on the other point in this cause we are of opinion that the evidence offered by the defendant of fraud in obtaining the bond was improperly excluded. Such evidence, if true, goes in support of the plea of non estfactum, and tends to show that the bond never had a legal existence. Lesterv. Zachary (January Term, 1814), ante, 50. What particular circumstances of fraud and imposition will render a bond void in law, it would be impossible to state a priori. They are infinitely diversified, and must of necessity be entrusted to the sound and legal *Page 268 
discretion of the judge who tries the cause. For this reason alone, therefore, we all think there ought to be a new trial.
NOTE. — Upon the first point, see Torrence v. Graham, 18 N.C. 284; on the second point, see King v. Bryant, 3 N.C. 394; Logan v.Simmons, 18 N.C. 13; Gibson v. Partee, 19 N.C. 530.
Cited: Matthews v. Marchant, 20 N.C. 35; Tucker v. Tucker, 27 N.C. 165;Purvis v. Albritton, 49 N.C. 172; Mobley v. Griffin, 104 N.C. 117.
(346)